UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DWAYNE WILSON, | Civil No. 13-3285 (PJS/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden DENESE WILSON, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a twenty-year prison sentence that was imposed in 2005 in the United States District Court for the District of Colorado. Petitioner's sentence was imposed after a jury found him guilty of "thirteen counts relating to his participation in a drug

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

distribution conspiracy." United States v. Wilson, 183 Fed.Appx. 814, 816 (10th Cir. 2006), (unpublished opinion), cert. denied, 549 U.S. 1328 (2007).  The Tenth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal.  Id.

After Petitioner's sentence was affirmed on direct appeal, he filed a motion in the trial court seeking post-conviction relief under 28 U.S.C. § 2255.  Petitioner attempted to appeal that ruling, but the Tenth Circuit Court of Appeals declined to grant him a certificate of appealability, (see 28 U.S.C. § 2253), and his appeal was dismissed.  United States v. Wilson, ___ Fed.Appx. ___, No. 12-1512 (10th Cir. Sept. 19, 2013), 2013 WL 5273124 (unpublished opinion).[2]

In Petitioner's current § 2241 habeas corpus petition, he is challenging the twenty-year sentence imposed by the Colorado District Court.  The current petition presents a single claim for relief, which, repeated verbatim and in its entirety, is as follows:

> "The term of imprisonment based on sentencing enhancement under 21 U.S.C. § 851 is unauthorize[d] and he should be released.  Before the § 851 enhancement the prisoner's guideline range was 120 months that becomes 240 months based on a timely filed notice under § 851(a)(1) stardards [sic], however, his criminal case docket no. 1:03-cr-00036 RPM-10 proves that the Government failed to comply with § 851 mandatory requirements to apply a § 851 enhancement by never filing a § 851 enhancement notice.  See attached Copy of the Criminal case docket no. 1:03-cr-0036 RPM-10 entry records.  Therefore, by law, the respondent is holding the prisoner pursuant to an unauthorized sentence."

(Petition, [Docket No. 1], p. 3, § (9).[3]

---

[2] Petitioner has also challenged his sentence, unsuccessfully, in a motion brought under 18 U.S.C. § 3582(c).  See United States v. Wilson, 493 Fed.Appx. 919 (10th Cir.) (unpublished opinion), cert. denied, 133 S.Ct. 567 (2012).

[3] Petitioner has submitted a 29-page exhibit with his petition, which appears to be part of the docket sheet from his Colorado criminal case.  However, the docket sheet provides only a brief description of the documents filed in Petitioner's criminal case.  Based

Petitioner's current habeas corpus claim was fully known, (or at least fully knowable), at the time of his direct appeal, and when he filed his § 2255 motion. Therefore, Petitioner cannot raise his current challenge to his sentence in a § 2241 habeas corpus petition.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is

---

on the docket sheet alone, it is impossible to tell whether the Government filed any document that might have satisfied the "§ 851 enhancement notice" requirement described in the petition.

inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of the twenty-year sentence imposed in his federal criminal case in the District of Colorado. Because Petitioner is directly challenging the validity of his sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[4] However, the Court finds that the savings clause is not applicable here.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."

---

[4] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Petitioner apparently does not have a preauthorization order from the Tenth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter to the District in which Petitioner was convicted and sentenced. Furthermore, it clearly appears that any new application for relief under § 2255 would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963 (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because his current claim for relief could have been raised in his direct appeal or his § 2255 motion. Petitioner has cited no new substantive law in support of his current challenge to his sentence. In short, Petitioner has not shown that his current claims for relief could not have been raised before this time.

      As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

      Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claim for relief, because he has not shown that his claim could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claim in the past, he is barred from bringing that claim now in a new § 2241 habeas corpus petition. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

      Petitioner nevertheless contends that the savings clause should be applied to this

5

case. According to Petitioner:

> "The Guideline misapplication error involving a 21 U.S.C. § 851 notice are [sic] not cognizable under § 2255 and the claim is not cognizable under § 2255 because the sentence is below the statutory maximum that would continue to apply. Therefore, § 2255 is inadequate and ineffective."

(Petition, [Docket No. 1], p. 4, § (14).)

Petitioner's savings clause argument is rejected for two reasons. First, Petitioner has offered no legal authority to support his dubious proposition that his current claim for relief "is not cognizable under § 2255 because the sentence is below the statutory maximum." Petitioner should have been able to challenge his sentence in a § 2255 motion, even if the sentence is "below the statutory maximum."[5] Furthermore, even if Petitioner's claim were not cognizable under § 2255, his current habeas corpus petition still could not be entertained, because Petitioner has not explained why his current claim for relief could not have been raised <u>in his direct appeal</u>. Petitioner's direct appeal afforded him "one unobstructed procedural opportunity" to raise his current challenge to his sentence. Thus, according to <u>Abdullah</u>, the savings clause does not give Petitioner a new opportunity to raise that challenge in a § 2241 habeas corpus petition.[6]

---

[5] Section 2255(a) authorizes a federal prisoner to challenge his sentence in a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, <u>or</u> that the court was without jurisdiction to impose such sentence, <u>or</u> that the sentence was in excess of the maximum authorized by law, <u>or</u> is otherwise subject to collateral attack." (Emphasis added.) Therefore, while § 2255 does specifically authorize a collateral challenge to a sentence on the ground that it exceeds the statutory maximum, that obviously is not the <u>only</u> proper ground for seeking relief under § 2255.

[6] As an aside, the Court questions the elemental factual premise of Petitioner's current challenge to his sentence. He contends that his sentence should be set aside, because the Government did not properly notify him that a sentence enhancement would be sought pursuant to 21 U.S.C. § 851. However, the Tenth Circuit Court of Appeals has

## III.    CONCLUSION

Because Petitioner is directly challenging the validity of the sentence imposed in his criminal case in the District of Colorado, his current claim for relief cannot be raised in a § 2241 habeas corpus petition, unless the "savings clause" applies – i.e., unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." Petitioner has not cited any relevant change in the law that would allow him to circumvent § 2255's exclusive remedy provision, and bring his current claim under § 2241. He had an adequate procedural opportunity to raise his current claim for relief in his direct appeal and/or in his § 2255 motion. Therefore, the savings clause is not applicable here.

Because the § 2255 savings clause is not applicable, the Court must recommend that Petitioner's § 2241 habeas corpus petition be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy for his claims); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii);

---

said that "the Government filed an Information prior to trial pursuant to 21 U.S.C. § 851 to establish Defendant's prior drug conviction in support of enhanced penalties for the charged conduct." Wilson, 493 Fed.Appx. at 920. Thus, it appears that the Government actually did provide the sentence enhancement notice that Petitioner claims was omitted.

7

see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction; and

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**.

Dated: January 17, 2014

                                                                  *s/Franklin L. Noel*
                                                                   FRANKLIN L. NOEL
                                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 5, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.