UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DWAYNE WILSON,                                    Case No. 13-CV-3285 (PJS/FLN)

                Petitioner,

v.                                                                ORDER

WARDEN DENESE WILSON,

                Respondent.

---

Dwayne Wilson, pro se.

This matter is before the Court on petitioner Dwayne Wilson's objection to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel.  Judge Noel recommends dismissing Wilson's 28 U.S.C. § 2241 petition for lack of jurisdiction because a motion in the sentencing court under 28 U.S.C. § 2255 is Wilson's sole remedy.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Wilson's objection and adopts the R&R.

Wilson alleges that, although his sentence is within the statutory maximum, it is nevertheless illegal because the sentencing court applied the enhanced 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) even though the government failed to file the requisite information under 21 U.S.C. § 851.[1]  Wilson contends that § 2255 is "inadequate or

---

[1]As Judge Noel noted, the factual predicate of Wilson's claim appears to be incorrect. On direct appeal, Wilson challenged his sentence on the ground that the government filed the information before it obtained the superseding indictment. *United States v. Wilson*, 183 Fed. Appx. 814, 824 (10th Cir. 2006).  In addressing Wilson's claim, the Tenth Circuit observed that the government filed the relevant information on February 23, 2004.  *Id.* at 819.  Wilson attached the docket sheet from his criminal case to his § 2241 petition and faults the R&R for not identifying the docket number of this information; it appears to the Court that it is docket
(continued...)

ineffective to test the legality of his detention" because sentencing errors are not cognizable

under § 2255 so long as the sentence is within the statutory maximum.  28 U.S.C. § 2255(e)

(unless § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may

not apply for a writ of habeas corpus); *cf. Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th

Cir. 2011) (en banc) (holding that a challenge to the interpretation and application of the

sentencing guidelines was not cognizable under § 2255 because the sentence was within the

statutory maximum).

It appears to the Court, however, that Wilson's claim regarding the alleged failure of the

government to file a § 851 information is cognizable in § 2255 proceedings both in the Eighth

Circuit and in the Tenth Circuit, where Wilson's sentencing court is located.  *See Neary v.*

*United States*, 998 F.2d 563, 564-66 (8th Cir. 1993) (granting relief under § 2255 based on the

government's failure to file a § 851 information); *Elzie v. Pugh*, 194 F.3d 1320 (Table), No. 99-

1002, 1999 WL 734453, at *1-2 (10th Cir. Sept. 21, 1999) (affirming dismissal of § 2241

petition because the alleged errors, including the failure to file a § 851 information, "are the

proper subject for a § 2255 motion").  Notably, in both *Neary* and *Elzie*, the defendants'

sentences were within the statutorily authorized maximum that would have applied in the

absence of any § 851 enhancement.  *Neary*, 998 F.2d at 565 (defendant was sentenced to

ten years under 21 U.S.C. § 841(b)(1)(B) (1988), which authorized unenhanced maximum

sentence of 40 years); *United States v. Elzie*, No. 94-150, 1996 WL 711508, at *1 (E.D. La.

Dec. 9, 1996) (defendant was convicted of intent to distribute five kilograms of cocaine, for

---

[1](...continued)
number 765.  *See* ECF No. 1-1 at 14.

which the court was authorized to impose an unenhanced maximum sentence of life under 21

U.S.C. § 841(b)(1)(A) (1994)).

Even if Wilson is correct that his claim would not be cognizable in a § 2255 proceeding,

however, that does not establish that § 2255 is "inadequate or ineffective to test the legality of

his detention." Section 2255 is simply a procedural vehicle by which a prisoner (here, Wilson)

can apply for the exact same relief from the sentencing court (here, the United States District

Court for the District of Colorado) that he could have obtained through a writ of habeas corpus

from the court with jurisdiction over his custodian (here, the United States District Court for the

District of Minnesota). *Hill v. United States*, 368 U.S. 424, 427 (1962) (§ 2255 "was intended

simply to provide in the sentencing court a remedy exactly commensurate with that which had

previously been available by habeas corpus in the court of the district where the prisoner was

confined"); *Sun Bear*, 644 F.3d at 704 ("Section 2255 was intended to afford federal prisoners a

remedy identical in scope to federal habeas corpus." (citation and quotations omitted)).

Because § 2255 provides the same substantive relief that a writ of habeas corpus would

provide, the fact that a claim will not be successful in a § 2255 action does not mean that § 2255

is "inadequate or ineffective" as a procedural vehicle. Instead, it simply means that the

petitioner is seeking relief that is not available *anywhere* — that is, relief that cannot be obtained

as a substantive matter in any postconviction habeas proceeding, regardless of the particular

procedural vehicle used to seek such relief. *Cf. U.S. ex rel. Perez v. Warden, FMC Rochester*,

286 F.3d 1059, 1061-62 (8th Cir. 2002) (holding that § 2255 was not inadequate or ineffective

even where federal prisoners could not raise the issue via § 2255 because the real impediment

was the substantive law, not § 2255).

Put another way, the fact that Wilson's claim may be doomed to fail under § 2255 does not mean that § 2255 is inadequate or ineffective.  Indeed, § 2255 is not considered inadequate or ineffective even when the petitioner alleges that the sentencing court misunderstood or failed to adequately address his previous § 2255 claim.  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010).  Instead, courts have found § 2255 inadequate or ineffective only in unusual situations in which the petitioner never had an opportunity to bring his claim in a § 2255 proceeding — such as when the original sentencing court no longer exists, *see Jameson v. Samuels*, 555 Fed. Appx. 743, 746 (10th Cir. 2014), or when there has been a retroactively applicable change in the law that the petitioner is procedurally barred from raising in a § 2255 motion, *see, e.g.*, *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).  Even in the latter scenario, a petitioner's ability to invoke § 2241 is generally quite limited.  *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (summarizing the Seventh Circuit's requirements for invoking § 2241 to gain the benefit of a retroactive change in the law); *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1279-81 (11th Cir. 2013) (canvassing the various circuits' interpretation of § 2255(e) and noting that "[t]he Seventh Circuit has taken the most permissive position").

This case is nothing like the rare cases in which courts have found that § 2255 was inadequate or ineffective.  Wilson is not seeking to benefit from any change in the law.  He is raising a garden-variety claim of error that was well-recognized both at the time that he was sentenced and at the time that he first sought post-conviction relief through § 2255.  *See United States v. LaBonte*, 520 U.S. 751, 754 n.1 (1997) (enhanced penalty may not be imposed unless the government complies with § 851).  Wilson had the opportunity to raise this claim both on direct appeal and in his original § 2255 motion.  The fact that Wilson's claim may be *rejected* in

-4-

a § 2255 proceeding does not render § 2255 inadequate or ineffective; it just means that the relief

sought by Wilson is not available to him under the substantive law.

      For these reasons, Wilson's objection is overruled.

ORDER

      Based on the foregoing, and on all of the files, records, and proceedings herein, the Court

ADOPTS the R&R [ECF No. 3].  Accordingly, IT IS HEREBY ORDERED THAT:

1.     Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is DISMISSED WITHOUT

     PREJUDICE for lack of jurisdiction.

2.     Petitioner's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 7, 2014                   s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge